UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARQUEETA DANIELS                      CIVIL ACTION NO. 6:20-cv-00783

VERSUS                                 JUDGE JUNEAU

HUSSEIN RIYADH SADEQ, ET AL.           MAGISTRATE JUDGE HANNA

## <u>ORDER</u>

Currently pending are the defendants' motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue (Rec. Doc. 10) and the plaintiff's motion for leave to conduct jurisdictional discovery and to continue the oral argument on the defendants' motion to dismiss or transfer venue (Rec. Doc. 17).  It is anticipated that the motion to dismiss or transfer venue will be opposed, although the deadline for filing an opposition memorandum has not yet elapsed.  The motion for leave and to continue the oral argument is opposed.  Considering the arguments of counsel set forth in the parties' briefing to date, the following orders are entered.

Due to the Covid-19 pandemic and the court's orders regarding the pandemic,

IT IS ORDERED that the oral argument on the motion to dismiss or transfer venue (Rec. Doc. 10), which was previously scheduled for August 10, 2020, is CANCELLED, and a ruling on that motion will be issued in due course.

IT IS ORDERED that the motion for leave and to continue (Rec. Doc. 17) is GRANTED IN PART and DENIED IN PART AS MOOT.  To the extent the motion

seeks a continuance of the oral argument addressed above, the motion is moot.  To the extent the motion seeks leave of court to conduct jurisdictional discovery, the motion is GRANTED, subject to the following parameters:

a.      The plaintiff is granted leave of court to propound written discovery on the defendants concerning the ten topics set forth in the memorandum supporting the plaintiff's motion.  Any such discovery shall be served on the defendants not later than August 7, 2020.

b.      The defendants shall promptly respond to the discovery requests.

c.      Not later than fourteen days after the service of the discovery responses, the parties shall file supplemental briefs in favor of or in opposition to the motion to dismiss or to transfer venue.  Each brief shall be no more than ten pages long.

The defendants removed this action from state court, alleging subject-matter jurisdiction under 28 U.S.C. § 1332.  Having reviewed the pleadings, this Court finds that the plaintiff is diverse in citizenship from defendants Hussein Riyadh Sadeq, Amerisure Mutual Insurance Company, and Great West Casualty Company but cannot determine whether Great Lakes Logistics & Transportation, LLC is diverse.

A limited liability company's citizenship is determined by the citizenship of its members.[1]  Mohammed Al Thihabawy's affidavit states that he is the sole

---

[1]      *Soaring Wind Energy, L.L.C. v. Catic USA Inc*., 946 F.3d 742, 750 (5th Cir. 2020) (citing *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008)).

2

member of that limited liability company.[2]  The citizenship of a natural person is the same as his domicile, but Mr. Thihabawy did not state his own domicile or citizenship in his affidavit.

This Court is also unable to determine whether the amount in controversy exceeds the jurisdictional minimum.  Because Louisiana plaintiffs are not permitted to plead a specific dollar amount of damages,[3] the plaintiff's petition did not seek the recovery of a determinate amount.  In that situation, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4]  To satisfy that burden, the defendant must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[5]

Here, the amount in controversy is not facially apparent.  While the plaintiff alleged that she was injured in an automobile accident, her petition contains no information concerning the part of her body that was allegedly injured, the nature or extent of her injuries, the amount of medical expenses already incurred, or an

---

[2]    Rec. Doc. 10-2 at 1.

[3]    Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[4]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d at 1253.

estimate of the cost of medical treatment likely to be needed in the future.  She alleged that her vehicle was damaged but provided no quantification of her property damage.  She alleged that she lost wages and earning capacity but did not detail how many days she was unable to work, the rate at which she was paid, or any means of calculating her past lost wages or loss of earning capacity.  The fact that she seeks to recover more than $50,000 does not automatically mean that she seeks to recover more than $75,000.  Accordingly,

IT IS ORDERED that, not later than August 19, 2020, the defendants shall file a memorandum setting forth specific facts that support a finding that Great Lakes is diverse in citizenship from the plaintiff and the amount in controversy exceeds $75,000.  The parties shall cooperate in gathering the necessary facts, and these facts shall be supported with summary-judgment-type evidence.  The plaintiff will be allowed seven days to respond to the defendants' submission.

Signed at Lafayette, Louisiana, this 29th day of July 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE