UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARQUEETA DANIELS                    CIVIL ACTION NO. 6:20-cv-00783

VERSUS                               JUDGE JUNEAU

HUSSEIN RIYADH SADEQ, ET AL.    MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending are three motions:  the motion to dismiss for lack of personal jurisdiction and the motion to dismiss for insufficient service of process, which were filed on behalf of three of the four defendants, namely, Hussein Riyadh Sadeq, Great Lakes Logistics and Transportation, LLC, and Amerisure Mutual Insurance Company (erroneously referred to in the plaintiff's complaint as Amerisure Insurance Company), and the alternative motion to transfer the action under 18 U.S.C. § 1404(a), which was brought by all four of the defendants, namely, Hussein Riyadh Sadeq, Great Lakes Logistics and Transportation, LLC, Amerisure Mutual Insurance Company, and Great West Casualty Company.  (Rec. Doc. 10). Only the motion to dismiss for lack of personal jurisdiction is opposed.  The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that this

action should be transferred to the United States District Court for the Eastern District of Michigan.

## Background

The plaintiff, Marqueeta Daniels, contends that, on February 12, 2020, she was inside the cab of her 2013 International Prostar truck, which was parked at a Love's Truck Stop in Simpson County, Kentucky, when defendant Hussein Riyadh Sadeq, driving a tractor/trailer rig owned by his employer, defendant Great Lakes Logistics and Transportation, LLC, backed his truck into hers. The plaintiff filed suit in Louisiana state court, alleging that she was injured in the collision and that her truck was damaged. She alleged that Mr. Sadeq was in the course and scope of his employment at the time of the collision, that Great Lakes is vicariously liable for his actions and omissions, and that defendants Amerisure Mutual Insurance Company and Great West Casualty Company insured Great Lakes, Mr. Sadeq, or both of them.

Three of the defendants – Mr. Sadeq, Great Lakes, and Amerisure – removed the action to this forum, with the consent of Great West, alleging that the court has subject-matter jurisdiction because the parties are diverse in citizenship and the

amount in controversy exceeds $75,000. The defendants then filed the instant motions.[1] (Rec. Doc. 10).

## Law and Analysis

## Insufficient Service of Process.

The defendants argued that Amerisure Mutual Insurance Company was not properly served because the plaintiff's petition erroneously referred to and requested service on Amerisure Insurance Company rather than Amerisure Mutual Insurance Company. The defendants further argued that the plaintiff's error mandates dismissal of her claims against Amerisure Mutual Insurance Company. This Court notes that the defendants did not set forth the applicable legal standard to be applied when such a motion is considered by the court or indicate that the plaintiff failed to correct the error after having been advised of the insurer's actual identity.

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party

---

[1]    In the motion, the defendants stated that Great West was joining only the motion to transfer but not the motion to dismiss for lack of personal jurisdiction or for insufficient service of process. (Rec. Doc. 10 at 1). In the supporting memorandum, however, the defendants stated that "Great Lakes Casualty Company solely is joining in the motion to transfer venue and not the motion to dismiss." (Rec. Doc. 10-1 at 1, n. 1). No entity called Great Lakes Casualty Company is involved in this litigation. Therefore, this Court assumes that this was a typographical error and that the defendants meant to refer to Great West Casualty Company. While recognizing that Great West joins in only the motion to transfer, this Court will use the shortcut term "the defendants" to refer to the proponents of each motion because it would simply be too cumbersome to repeatedly make the distinction throughout this report and recommendation.

responsible for effecting service must bear the burden of establishing its validity.[2] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court. . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service.

The burden is on the plaintiff to show good cause as to why service was not effected timely,[3] and the plaintiff must demonstrate at least excusable neglect rather than simple inadvertence, a mistake by counsel, or ignorance of the applicable rules.[4] Nonetheless, a court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[5]

Obviously, Amerisure Mutual Insurance Company received actual notice of this lawsuit and has appeared herein for certain purposes.  The similarity between the name used by the plaintiff in her petition and the name of the entity that actually issued the relevant insurance policy is such that the plaintiff could easily have

---

[2]    *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[3]    *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

[4]    *Gartin v. Par Pharm. Cos. Inc*., 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[5]    *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Millan v. USAA General Indem. Co*., 546 F.3d 321, 325 (5th Cir. 2008); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

mistaken one for the other.  This is the type of situation that should have been addressed in a courteous telephone call to the plaintiff's counsel rather than in a written motion that required the expenditure of judicial resources.  This Court admonishes the defendants' counsel to consider, in the future, whether the filing of such a motion is actually necessary or is nothing more than a needless waste of the court's time.  This Court also notes that the plaintiff did not oppose this motion in its briefing.  Nevertheless, this Court will recommend that, in the exercise of the court's discretion, the plaintiff be afforded an additional thirty days in which to properly serve – or request a waiver of service from – Amerisure Mutual Insurance Company.

**Personal jurisdiction.**

"Federal courts are courts of limited jurisdiction."[6]  In order to resolve a case on the merits, a federal court must have both authority over the type of claim presented in the suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction).[7]  In this case, personal jurisdiction is at issue.  Personal jurisdiction is an individual right that may be waived by a party's making a general

---

[6]    *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

[7]    *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

appearance in the district court.[8]  Here, the defendants argued that the court lacks personal jurisdiction over two of the defendants, Mr. Sadeq and Great Lakes.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to assert a personal jurisdiction defense.  Whether personal jurisdiction can be exercised over a nonresident defendant is a question of law.[9]  "Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication."[10]  When, as in this case, a nonresident defendant challenges personal jurisdiction, the party invoking the power of the court bears the burden of proving that jurisdiction exists.[11]  This creates an unusual scenario since the defendants in this case invoked the court's authority by removing the action then challenged the court's authority over two of them.

When the defendant's motion is decided without an evidentiary hearing, the opposing party is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy the burden.[12]  A *prima facie* showing of personal

---

[8]    *Greenwich Insurance Co. v. Capsco Industries, Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) (citing *Patin v. Thoroughbred Power Boats, Inc*., 294 F.3d 640, 655 n. 20 (5th Cir. 2002)).

[9]    *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

[10]   *Guidry v. U.S. Tobacco Co*., 188 F.3d 619, 623 n. 2 (5th Cir. 1999).

[11]   *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)); *Bullion v. Gillespie*, 895 F.2d at 216-17.

[12]   *Central Freight Lines Inc. v. APA Transport Corp*., 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000).

jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record.[13] The court must accept the nonmoving party's uncontroverted allegations as true and resolve any factual conflicts in its favor.[14] But the court is not required to credit conclusory allegations, even if left uncontroverted.[15] If the court holds an evidentiary hearing, however, personal jurisdiction must be established by a preponderance of the admissible evidence.[16] Here, no evidentiary hearing was held.

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state.[17] Under the Louisiana Long-Arm Statute, a court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution.[18] Consequently, the limits of the Louisiana Long-Arm Statue are

---

[13]    *Guidry v. U.S. Tobacco Co.*, 188 F.3d at 625.

[14]    *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d at 380; *Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d at 215; *Guidry v. U.S. Tobacco Co.*, 188 F.3d at 625.

[15]    *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n. 16 (5th Cir. 1996).

[16]    *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008)).

[17]    *Companion Property and Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013); *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

[18]    La. R.S. 13:3201(B).

coextensive with the limits of constitutional due process.[19]  Therefore, this Court need only determine whether subjecting the defendants to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment.[20]  The exercise of personal jurisdiction over a nonresident defendant satisfies due process when:  (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.[21]  In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana.[22]  Personal jurisdiction must be assessed with regard to each defendant,[23] and there are two types of personal jurisdiction:  general personal jurisdiction and specific personal jurisdiction.

---

[19]    *Alonso v. Line*, No. 02-2644 (La. 05/20/03), 846 So.2d 745, 750, cert. denied, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp*., 513 So.2d 1188, 1192 (La. 1987).  Texas's long-arm statute is also coextensive with the federal constitutional limits of due process.  *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir.), *cert. denied*, 555 U.S. 816 (2008). Therefore, Fifth Circuit cases regarding personal jurisdiction under that statute are equally applicable.

[20]    *Dickson Marine Inc. v. Panalpina, Inc*., 179 F.3d 331, 336 (5th Cir. 1999).  See, also, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co*., 517 F.3d at 242-43.

[21]    *Paz v. Brush Engineered Materials, Inc*., 445 F.3d at 813; *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

[22]    *Latshaw v. Johnston*, 167 F.3d at 211.

[23]    See *General Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 793 (5th Cir. 2007) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

## General Personal Jurisdiction

General personal jurisdiction exists when a defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home there[24] even if the cause of action did not arise from or relate to the defendant's purposeful contacts with the forum.[25]  For a natural person, general personal jurisdiction exists in the state of his or her domicile.[26]  The equivalent place for corporations are the states in which they were incorporated, have their principal places of business, and are considered to be at home.[27]  Limited liability companies are also subject to the "at home" test.[28]

In this case, the plaintiff's allegations fail to demonstrate the type of continuous and systematic contacts that would render any of the defendants "at home" in Louisiana.  Mr. Sadeq resides in and is domiciled in Michigan.[29]  Great

---

[24]    *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

[25]    *Freudensprung v. Offshore Technical Services, Inc*., 379 F.3d 327, 343 (5th Cir. 2004).

[26]    *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 924).

[27]    *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d at 432; *Daimler AG v. Bauman*, 571 U.S. at 133-39.

[28]    See, e.g., *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d at 327-38.

[29]    Rec. Doc. 1 at 4; Rec. Doc. 10-3 at 1.

Lakes is also a Michigan citizen.[30]    Therefore, the court does not appear to have general personal jurisdiction over these defendants.

In exceptional cases, however, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that state.[31]  "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court'"[32] in the forum state.   Random, fortuitous, or attenuated contacts are insufficient.[33]  In fact, it is "incredibly difficult" to establish general jurisdiction for a corporation in a forum other than the place of incorporation or principal place of business.[34]

The plaintiff made no argument suggesting that Mr. Sadeq is amenable to suit in Louisiana.   The plaintiff did argue, however, that Great Lakes purposely did business in Louisiana to an extent that it should be held accountable in a Louisiana

---

[30]    Rec. Doc. 25-1 at 11-12.

[31]    *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. at 139 n. 19).

[32]    *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d at 470).

[33]    *Carmona v. Leo Ship Management, Incorporated*, 924 F.3d 190, 194 (5th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

[34]    *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d at 336 (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d at 432).

courtroom. The plaintiff presented evidence that Great Lakes made five deliveries to Louisiana within the past five years, one in 2018 and the rest in 2019,[35] and derived five percent of its income over an undisclosed time period from deliveries into the state of Louisiana.[36] No evidence was presented to show that any of those deliveries were made by Mr. Sadeq driving a Great Lakes truck. The evidence also showed that Great Lakes has never previously been a party to a lawsuit in Louisiana,[37] has not made any advertisements directed to the citizens of Louisiana,[38] does not have a terminal or facility in Louisiana,[39] does not own any property in Louisiana,[40] and does not employ any Louisiana residents.[41] Occasional contacts with a state that create only an attenuated affiliation with the forum are not sufficient to establish personal jurisdiction.[42] This Court finds that the five deliveries made by Great Lakes to locations in Louisiana over a five year period, standing alone, are too

---

[35]    Rec. Doc. 25-1 at 2. The exhibit actually lists six deliveries, but two of them, on different dates but to the same location, were both designated as number four.

[36]    Rec. Doc. 25-1 at 3.

[37]    Rec. Doc. 25-1 at 1.

[38]    Rec. Doc. 25-1 at 3.

[39]    Rec. Doc. 25-1 at 3.

[40]    Rec. Doc. 25-1 at 6.

[41]    Rec. Doc. 25-1 at 3.

[42]    *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475 n. 18.

sporadic and attenuated to support personal jurisdiction over Great Lakes by a Louisiana court.

## Specific Personal Jurisdiction

Specific personal jurisdiction exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arose out of or related to those activities.[43]  Thus, specific personal jurisdiction requires a claim-specific inquiry.[44]  The suit must arise out of or relate to the defendant's contacts with the forum.[45]  "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"[46]

Deciding whether specific jurisdiction exists requires three steps.  First, the court must determine whether the defendant has sufficient minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed

---

[43]     *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d at 243 (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d at 868).

[44]     *Trois v. Apple Tree Auction Center, Incorporated*, 882 F.3d 485, 489 (5th Cir. 2018) (quoting *McFadin v. Gerber*, 587 F.3d at 759).

[45]     *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, ___ U.S. ___, 137 S.Ct. 1773, 1780 (2017).

[46]     *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. at 1773 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 919).

its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.[47]   This Court has already determined that there is no evidence that Mr. Sadeq had any contacts with Louisiana and that the evidence presented shows that Great Lakes's contacts with Louisiana were minimal.

Second, the court must determine whether the plaintiff's cause of action arose out of or resulted from the defendant's contacts with the forum,[48] properly focusing on the "relationship among the defendant, the forum, and the litigation."[49]  This is a claim-specific inquiry, as "the Due Process Clause prohibits the exercise of [specific personal] jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts."[50]  A single, substantial act directed toward the forum can support specific jurisdiction,[51] and, in most cases, a defendant's commission of a tort while physically present in the state will readily confer specific jurisdiction.[52] In this case, however, the incident underlying this lawsuit is a motor vehicle accident

---

[47]     *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 271 (5th Cir. 2006) (citing *Nuovo Pignone, Spa v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

[48]     *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d at 271 (citing *Nuovo Pignone, Spa v. STORMAN ASIA M/V*, 310 F.3d at 378).

[49]     *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008) (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

[50]     *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d at 275.

[51]     *ASARCO, Inc. v. Glenara, Ltd*., 912 F.2d 784, 786 (5th Cir. 1990); *Dalton v. R & W Marine, Inc*., 897 F.2d 1359, 1361 (5th Cir. 1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475 n. 18.

[52]     *Carmona v. Leo Ship Management, Inc.*, 924 F.3d at 194.

that occurred in Kentucky. Any alleged tortious activity occurred there – not in Louisiana. The only connection between the incident and the state of Louisiana is the plaintiff's domicile, which is immaterial to the personal jurisdiction inquiry.[53] Because the incident did not arise out of any contact that Mr. Sadeq or Great Lakes might have had with the state of Louisiana, the court lacks specific personal jurisdiction over those defendants.

Finally, if the nonmoving party satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable.[54] Since neither of the first two prongs of the analysis were satisfied in this case, it is unnecessary to proceed to the third. Mr. Sadeq's and Great Lakes's contacts with Louisiana are insufficient to establish specific personal jurisdiction in this forum.

**The Motion to Transfer**

Having decided that the court does not have personal jurisdiction over Mr. Sadeq or Great Lakes, this Court must now decide whether the plaintiff's claims against Mr. Sadeq and Great Lakes should be dismissed or whether the case should be transferred to another forum. The defendants argued that this lawsuit could have been brought in either the Western District of Kentucky, where the incident

---

[53]   *Carmona v. Leo Ship Management, Incorporated*, 924 F.3d at 194.

[54]   *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d at 271.

14

underlying the lawsuit occurred, or in the Eastern District of Michigan,[55] where "almost all Defendants and any witnesses on their behalf are citizens with their principal places of business."[56]  The motion was brought under 28 U.S.C. § 1404(a), and in a conclusory fashion, the defendants stated that private interest and public interest factors are relevant and further stated that "those factors weigh in favor of changing venue."[57]  But the defendants did not identify the relevant factors or explain why the factors should be applied in this case, and the plaintiff did not address this issue at all in her briefing.  In their reply brief, the defendants also failed to address this issue.  Therefore, the parties' briefing provided this Court with no guidance on how to resolve the motion.

Similarly, the parties did not address whether the suit should be transferred under 28 U.S.C. § 1406(a).  It is well-settled in the Fifth Circuit that Section 1406(a) allows a court lacking personal jurisdiction over the defendant to transfer a case to

---

[55]    The defendants' motion (Rec. Doc. 10) argued that the case should be transferred to the *Eastern* District of Michigan while the supporting memorandum stated twice that the case should be transferred to the *Eastern* District of Michigan (Rec. Doc. 10-1 at 2, 7) but stated three other times that the case should be transferred to the *Western* District of Michigan (Rec. Doc. 10-1 at 6-7).  Perhaps this was an inadvertent proofreading error.  However, these inconsistent references to the proposed transferee court demonstrated a lack of attention to detail that wasted this Court's time by requiring this Court to research whether the Eastern District of Michigan or the Western District of Michigan was a proper venue for this lawsuit.  The defendants' counsel is reminded of his obligation under Fed. R. Civ. P. 11 and L.R. 11.1.

[56]    Rec. Doc. 10-1 at 7.

[57]    Rec. Doc. 10-1 at 7.

any district or division in which the case could have been brought originally.[58]  A district court has broad discretion to determine whether to dismiss or transfer a case in the interest of justice under Section 1406(a),[59] and a district court may raise the issue of venue *sua sponte*.[60]  Here, the defendants suggested a transfer to either Kentucky or Michigan and the plaintiff articulated no opposition to such a transfer.

This Court *sua sponte* recognizes that the Western District of Louisiana is not a proper venue for this action, since no defendant resides in the district, no substantial part of the events giving rise to the action occurred there, and three of the defendants – Mr. Sadeq, Great Lakes, and Amerisure – are subject to personal jurisdiction in Michigan, their home state.[61]  This Court further finds that it would be in the interest of justice to transfer this matter to the Eastern District of Michigan. Although the defendants suggested that the Western District of Michigan would be an appropriate court, Great Lakes's principal place of business is in Wayne County,

---

[58]    See, e.g., *Herman v. Cataphora, Inc*., 730 F.3d 460, 466 (5th Cir. 2013); *Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985); *Koehring Co. v. Hyde Const. Co*., 324 F.2d 295, 298 (5th Cir. 1963).

[59]    *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

[60]    *Mills v. Beech Aircraft Corp., Inc*., 886 F.2d 758, 761 (5th Cir. 1989).

[61]    18 U.S.C. § 1391.

Michigan[62] and Mr. Sadeq resides in Wayne County, Michigan.[63]  The county seat of Wayne County is Detroit.[64]  There is a Detroit Division of the United States District Court for the Eastern District of Michigan.[65]  The suit could have been brought in that district originally, and this forum has no personal jurisdiction over two of the defendants.  Because Mr. Sadeq and Great Lakes are both "at home" in the Eastern District of Michigan, that court has personal jurisdiction over them.  It is likely that much of the evidence and many of the witnesses who will testify at trial are located in that district.  The plaintiff has offered no compelling evidence as to why this matter should not be transferred to a court of proper venue.  Therefore, this Court will recommend that this action should be transferred to the United States District Court for the Eastern District of Michigan.

## Conclusion

Having found that this lawsuit was not filed in a court of proper venue, and having further found that the court lacks personal jurisdiction over two of the

---

[62]    Rec. Doc. 25-1 at 11.

[63]    Rec. Doc. 10-3 at 1.

[64]    Wayne County, Michigan, http://www.en.wikipedia.org/wiki/Wayne_County,_Michigan (last visited Sept. 2, 2020).

[65]    Eastern District of Michigan United States District Court, http://www.mied.uscourts.gov/index.cfm (last visited Sept. 2, 2020).

defendants, namely, Hussein Riyadh Sadeq and Great Lakes Logistics and Transportation, LLC, this Court recommends:

(a) that the defendants' motion to dismiss the plaintiff's claim against Amerisure Mutual Insurance Company for insufficient service should be denied, and the plaintiff should be afforded an additional thirty days in which to serve or request a waiver of service from Amerisure Mutual Insurance Company;

(b) that the defendants' motion to dismiss the plaintiff's claims against Hussein Riyadh Sadeq and Great Lakes Logistics and Transportation, LLC for lack of personal jurisdiction should be denied; and

(c) that the defendants' motion to transfer venue should be granted, and this lawsuit should be transferred to the Eastern District of Michigan for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[66]

Signed at Lafayette, Louisiana, this 9th day of September 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[66]  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).